# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **AARON LOCKHART** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 1:13-CV-326** |
| **SYSTEMS MADE SIMPLE, INC. and** | § | |
| **TEKSYSTEMS, INC.,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant TEKsystems, Inc. ("Defendant" or "TEKsystems") files this Answer to Plaintiff Aaron Lockhart's ("Lockhart") Complaint (the "Complaint") and states as follows:

## I.
## PARTIES[1]

1.      Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies same.

2.      Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and, therefore, denies same.

3.      Defendant admits the allegations contained in this paragraph.

4.      Defendant denies that Systems Made Simple, Inc. ("SMS") and/or TEKsystems is liable to Plaintiff; therefore, it denies the allegations contained in Paragraph 4.

---

[1] Defendant's responses correspond with the headings and numbered paragraphs contained in Plaintiff's Complaint.

**DEFENDANT'S ORIGINAL ANSWER – Page 1**

## II.
## JURISDICTION

5.      The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.  To the extent a response is required, Defendant admits that jurisdiction is proper in this Court, but denies that any facts exist giving rise to a cause of action under either the Americans with Disabilities Act of 1990 or the Texas Commission on Human Rights Act.

6.      Defendant admits that TEKsystems is an employer within the meaning of the statutes referred to in paragraph 5 of the Complaint. Defendant is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and, therefore, denies same.

7.      Defendant is without sufficient information to admit or deny when Plaintiff received right to sue "letters" from the EEOC, therefore, TEKsystems denies the first two sentences of Paragraph 7 of the Complaint.  Defendant admits that Plaintiff filed the instant Complaint within two years of filing his Charge of Discrimination with the Texas Workforce Commission.  Defendant denies the remaining allegations contained within Paragraph 7 of the Complaint.

## III.
## VENUE

8.      Defendant denies that any facts exist that give rise to Plaintiff's claims.  However, Defendant admits that venue is proper in the Western District of Texas, Austin Division.

## FACTS

9.      Defendant admits that it hired Plaintiff on September 26, 2011 to perform the position of Integration Manager-Linux for SMS.  Defendant is without information sufficient to

admit or deny the remaining allegations contained in Paragraph 9 of the Complaint; therefore, they are denied.

10.     Defendant denies that Plaintiff was "assured" prior to starting his assignment with SMS that "the position was a remote position and that he could perform his duties from home, with occasional meetings in the office when necessary." Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 10 of the Complaint; therefore, Defendant denies same.

11.     Defendant admits that on November 7, 2011, SMS informed TEKsystems that the Integration Managers, including Plaintiff, would need to work on site and that Plaintiff was thereafter informed of that decision.  Defendant denies that Plaintiff mentioned Social Anxiety Disorder at the time he was informed of the change.  Defendant admits that upon being notified of the change, Plaintiff attempted to negotiate with SMS to be allowed to work remotely. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant is without sufficient information to admit or deny whether Plaintiff had a panic attack the morning of November 17, 2011, therefore, Defendant denies same.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff emailed Randy Cox on November 17, 2011, and that the quoted language in Paragraph 14 of the Complaint is a near verbatim recount of that email (the word "be" is missing from the first sentence of the quoted language in the Complaint). Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint; therefore, TEKsystems denies same.

**DEFENDANT'S ORIGINAL ANSWER  – Page 3**

16.     Defendant admits that on or about November 17, 2011, SMS asked Defendant to terminate Plaintiff's assignment at SMS and that Justin Bibb informed Plaintiff of that decision. Defendant denies the remainder of the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that TEKsystems attempted to engage in the interactive accommodation process with Plaintiff after being informed of his alleged Social Anxiety Disorder.   However, TEKsystems asserts that Plaintiff did not cooperate in this interactive process.   Therefore, TEKsystems admits that Plaintiff was notified on February 2, 2013, that his request for accommodation was denied and further admits that Plaintiff did not receive any further job assignments from TEKsystems.   Defendant is without information sufficient to admit or deny whether Plaintiff received any further job assignments from SMS.   Defendant denies the remainder of the allegations contained in Paragraph 17 of the Complaint.

## IV.
## CAUSES OF ACTION

### COUNT ONE:
### Denial of Reasonable Accommodation and Discrimination on the Basis of Disability in Violation of the ADA and TCHRA

18.     Defendant denies the allegations contained in this paragraph.

19.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.   To the extent a response is required, Defendant admits that the statutes cited by Plaintiff generally comport with Plaintiff's assertions regarding those statutes, but denies that TEKsystems is liable to Plaintiff under the cited statutes.

20.     Defendant admits the allegations contained in this paragraph.

21.     Defendant denies the allegations contained in this paragraph.

22.     Defendant denies the allegations contained in this paragraph.

23.     Defendant denies the allegations contained in this paragraph.

**DEFENDANT'S ORIGINAL ANSWER – Page 4**

24.     Defendant denies the allegations contained in this paragraph.

## V.
## DAMAGES

Defendant denies the allegations contained in this paragraph.

## VI.
## COMPENSATORY DAMAGES

Defendant admits that Plaintiff purports to bring this suit for a variety of alleged damages, but denies that any facts exist that give Plaintiff an entitlement to same.  Defendant denies the remainder of the allegations contained in this paragraph.

## VII.
## PUNITIVE DAMAGES

Defendant admits that Plaintiff purports to bring this suit for a variety of alleged damages, but denies that any facts exist that give Plaintiff an entitlement to same.  Defendant denies the remainder of the allegations contained in this paragraph.

## VIII.
## ATTORNEYS' FEES AND EXPERT FEES

The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.  To the extent a response is required, Defendant admits that Plaintiff purports to seek recovery of alleged attorneys' fees and experts' fees, and that the statutes cited by Plaintiff generally comport with Plaintiff's assertions regarding those statutes, but denies that any facts exist that give Plaintiff an entitlement to recovery of his attorneys' fees and expert fees.  Defendant denies the remainder of the allegations contained in this paragraph.

## IX.
## JURY DEMAND

Defendant admits that Plaintiff purports to demand a jury. Defendant is without sufficient information to admit or deny the remainder of the allegations contained in this paragraph and, therefore, denies same.

### PRAYER

Defendant admits that Plaintiff purports to seek the relief requested in the "Prayer" paragraph of the Complaint. Defendant denies that Plaintiff is entitled to any of the relief that he is seeking in this lawsuit, or to any relief whatsoever.

### GENERAL DENIAL

Defendant denies any and all allegations in the Complaint not otherwise expressly admitted above, and Defendant denies that Plaintiff is entitled to any of the relief he has requested.

### DEFENDANT'S ADDITIONAL DEFENSES

To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Defendant pleads as follows:

1.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, some or all of Plaintiff's claims are barred because Plaintiff cannot show that Plaintiff was in any manner wrongfully treated by any acts of Defendant.

2.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, there was a reasonable non-

discriminatory basis for the actions of Defendant with respect to its treatment and termination of Plaintiff in this case and its actions were in accordance with applicable law.

3.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff's claims are barred in whole or in part because at all relevant times to this action, Defendant acted lawfully and in good faith without intent to deny Plaintiff any rights under federal or state laws.

4.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, are due solely to his own actions and/or inactions, and/or the actions of a third-party and not by those of Defendant.

5.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant affirmatively pleads that it is entitled to a credit/off-set against any award of back pay to Plaintiff based on income Plaintiff has received following his separation of employment with Defendant.

6.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant affirmatively pleads that its actions were taken without malice.

7.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant affirmatively pleads that Plaintiff was employed at will by Defendant and was subject to termination of employment for any legitimate reason or for no reason at all.

8.     An award of punitive damages under the case of this case would violate the 14th Amendment to the United States Constitution.

**DEFENDANT'S ORIGINAL ANSWER – Page 7**

9.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant specifically denies any allegations of knowing or intentional conduct and other conduct which may form the legal basis for entitlement to exemplary, or punitive damages as requested by Plaintiff.  Defendant further specifically denies that the harm with respect to which Plaintiff seeks recovery of exemplary or punitive damages resulted from fraud, malice, willful act or omission.

10.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, all actions taken by Defendant were taken in good faith, and were based on legitimate, non-discriminatory reasons.

11.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant cannot be held liable for any unlawful act of supervisors because Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

12.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff's claims are subject to statutory caps on damages.

13.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff's failure-to-accommodate claim fails because of Plaintiff's failure to participate in the interactive accommodation process.

14.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff was unable to perform the essential functions of his position, with or without reasonable accommodation.

15.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's alleged disability, alleged perceived disability, or any other alleged protected status held by Plaintiff.

16.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff was not regarded as having a disability as defined under applicable state or federal law

17.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff does not have a record of a disability as defined under applicable state or federal law.

18.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff does not have a disability as defined under applicable state or federal law.

19.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant's actions with respect to Plaintiff were consistent with business necessity.

20.      Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff did not timely seek a reasonable accommodation for the alleged limitations caused by his alleged disability.

**DEFENDANT'S ORIGINAL ANSWER  – Page 9**

21.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, any accommodation to Plaintiff which would have resulted in his continued employment would have constituted an undue hardship on Defendant.

22.     Subject to and without waiving the foregoing, and in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff has failed in whole or in part to mitigate his alleged damages

Defendant reserves the right to raise additional defenses as the case progresses.


Dated May 16, 2013                              Respectfully submitted,


                                                */s/ Jacqueline C. Johnson*
                                                Jacqueline C. Johnson
                                                Texas Bar No. 00790973
                                                Jared Vitemb
                                                Texas Bar No. 24057042

                                                LITTLER MENDELSON, P.C.
                                                2001 Ross Avenue
                                                Suite 1500, Lock Box 116
                                                Dallas, Texas 75201
                                                214.880.8100
                                                214.880.0o181 (Facsimile)
                                                jlichty@littler.com
                                                jvitemb@littler.com

                                                **ATTORNEYS FOR DEFENDANTS**

**DEFENDANT'S ORIGINAL ANSWER** – Page 10

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court.

*/s/ Jacqueline C. Johnson*
Jacqueline C. Johnson
Jared Vitemb

Firmwide:120296252.1 045444.2176

**DEFENDANT'S ORIGINAL ANSWER – Page 11**